# Exhibit

# A

FILED: ORANGE COUNTY CLERK 06/16/2020 09:30 AM
NYSCEF DOC. NO. 1

INDEX NO. EF002804-2020
RECEIVED NYSCEF: 06/16/2020

Date of Filing:

Index #:

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at
20 Southside Place
Tuxedo, NY 10987

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------X
MARIA MORGAN,

                           Plaintiff,          SUMMONS

-against-

WAL-MART STORES EAST, LP,

                           Defendant.
-----------------------------------------------------------X
To the above-named defendant(s):

      YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within -20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                    SOBO & SOBO, LLP

                                                    Sheila S. Rosenrauch, Esq.
                                                    Attorneys for Plaintiff
                                                    One Dolson Avenue
                                                    Middletown, NY 10940
                                                    (845) 343-7626

Dated: May 25, 2020
         Middletown, New York
Defendants' addresses: See Complaint

FILED: ORANGE COUNTY CLERK 06/16/2020 09:30 AM
NYSCEF DOC. NO. 1

INDEX NO. EF002804-2020
RECEIVED NYSCEF: 06/16/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------X
MARIA MORGAN,

                        Plaintiff,                        VERIFIED
                                                              COMPLAINT

        -against-

                                                               Index No.:

WAL-MART STORES EAST, LP,

                        Defendant.
-----------------------------------------------------------X

        Plaintiff, MARIA MORGAN, by their attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

        1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

        2. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited partnership duly authorized to do business within the State of New York.

        3. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was a still is a business entity doing business within the State of New York.

        4. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was the owner of a certain premises located at 3133 E Main St, Mohegan Lake, County of Westchester, State of New York, known as "Walmart Store #2531."

        5. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises.

6. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises.

7. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises.

8. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises.

9. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises.

10. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises.

11. That at all times hereinafter mentioned, the interior of store #2531, located on the aforesaid premises was the situs of the within accident.

12. That on or about the 24th day of October, 2017, while this plaintiff was lawfully upon the aforesaid premises, a large item of merchandise fell from a high shelf, striking the plaintiff, thereby sustaining severe and serious personal injuries.

13. The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

14. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, and/or unsafe conditions to exist on the aforesaid premises; in the ownership, operation, maintenance, management, inspection, repair and/or control of the aforesaid premises; in the negligent manner in which they kept, placed, stored, and made available select items for purchase thereat by arranging them in such a manner that they

FILED: ORANGE COUNTY CLERK 06/16/2020 09:30 AM
NYSCEF DOC. NO. 1

INDEX NO. EF002804-2020
RECEIVED NYSCEF: 06/16/2020

posed a hazard to shoppers; by stocking the shelves in an unsafe manner; in failing to secure properly the merchandise; in failing to perform reasonable periodic inspections; in failing to take safe, reasonable and proper corrective action to abate a dangerous condition; in the negligent hiring of defendants' employees; in the negligent retention of the defendants' employees; in the negligent supervision of defendants' employees; in acting with reckless disregard for the safety of others, and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

15. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

16. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

17. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from their normal vocation and activities,

and upon information and belief, may continue in that way into the future and suffer similar losses.

18. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: May 25, 2020
Middletown, New York

*[signature]*
Sheila S. Rosenrauch, Esq.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-7626

TO: WAL-MART STORES EAST, LP
CT Corporation System
28 Liberty Street
New York, NY 10005
Via Secretary of State

FILED: ORANGE COUNTY CLERK 06/16/2020 09:30 AM
NYSCEF DOC. NO. 1

INDEX NO. EF002804-2020
RECEIVED NYSCEF: 06/16/2020

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ROCKLAND    ss:

MARIA MORGAN, being duly sworn, says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
MARIA MORGAN

Sworn to before me on
June 15, 2020

_____
NOTARY PUBLIC

SHEILA S ROSENRAUCH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RO5037990
Qualified in Rockland County
My Commission Expires Jan 17, 2023



014



WM 20-313 JO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
MARIA MORGAN,

          Plaintiff,

  -against-

WAL-MART STORES EAST, LP,

          Defendant.
-----------------------------------------------------------------X

Index No.: EF002804-2020

**VERIFIED ANSWER**

      The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

      1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

      2: The allegations contained in paragraphs marked "2" and "3" are admitted.

      3: Defendant denies the allegations set forth in paragraph marked "4" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises at 3133 E. Main Street, Mohegan Lake, New York that comprises the Mohegan Lake Walmart store.

      4: Defendant denies the allegation set forth in paragraphs marked "5", "6" and "7" and refers all questions of law to the trial court.

      5: Defendant denies the allegations set forth in paragraphs marked "8" and "9" except admits that WAL-MART STORES EAST, LP is the operator of the Mohegan Lake Walmart store.

6: Defendant denies the allegations set forth in paragraph marked "10" and each and every part thereof.

7: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "11" and "12" and each and every part thereof.

8: Defendant denies the allegations set forth in paragraphs marked "13", "14" and "15" and each and every part thereof.

9: Defendant denies the allegation set forth in paragraph marked "16" and refers all questions of law to the trial court.

10: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "17" and "18" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
July 13, 2020

        Yours, etc.

        BRODY O'CONNOR & O'CONNOR
        Attorneys for Defendant

By: _____
     PATRICIA A. O'CONNOR
     7 Bayview Avenue
     Northport, New York 11768
     (631) 261-7778
     File No.: WM 20-313 JO

TO: SOBO & SOBO, LLP
     Attorneys for Plaintiff
     One Dolson Avenue
     Middletown, New York 10940
     (845) 343-7626

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      July 13, 2020

                                              PATRICIA A. O'CONNOR